**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | | |
|---|---|---|
| DONNIE WADE HARRELL, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 1:24-cv-199-WLS-AGH |
| | : | |
| MARK GREGORY WOOD,[1] | : | |
| | : | |
| Defendant. | : | |

**<u>REPORT AND RECOMMENDATION</u>**

Pending before the Court is Dr. Mark Gregory Wood's ("Defendant") motion to dismiss (ECF No. 21).[2] For the following reasons, the Court recommends that Defendant's motion to dismiss be granted.

**BACKGROUND**

Plaintiff's claim arises from his prior detention at Autry State Prison ("ASP"), in Pelham, Georgia. Recast Compl. 5, ECF No. 8. Plaintiff asserts an Eighth Amendment deliberate indifference claim against Defendant, alleging that his toe was not given proper medical care by Defendant on January 10, 2018, leading it to be amputated. *Id.* at 5-8. Plaintiff filed his original complaint on December 20, 2024 (ECF No. 1) and his recast complaint on February 28, 2025 (ECF No. 8). At the time of Plaintiff's injury, Defendant was an employee of Wellpath Holdings, Inc.,

---

[1] Defendant Wood's motion to dismiss spells his name Mark Gregory Wood. Wood MTD 1, ECF No. 21). The Clerk is directed to update the docket to reflect this correction.

[2] The Court recommends that Defendant's motion for ruling (ECF No. 29) be granted.

("Wellpath") a non-party to this case. Def.'s Mot. to Dismiss 5, ECF No. 21. On November 11, 2024, Wellpath and its affiliated companies (the "Debtors") filed for bankruptcy in the United States Bankruptcy Court of the Southern District of Texas. Pet., *In re Wellpath Holdings, Inc.*, No. 24-90533-ARP (Bankr. S.D. Tex.) (ECF No. 1) ("*In re Wellpath*"). On May 1, 2025, Wellpath's bankruptcy plan was confirmed. Plan, *In re Wellpath*, ECF No. 2596. On September 5, 2025, Defendant filed this motion to dismiss (ECF No. 21). Plaintiff filed his response on October 6, 2025, and Defendant filed a reply on October 14, 2025 (ECF Nos. 25, 26).

## DISCUSSION

Defendant moves to dismiss, arguing that any claim Plaintiff has against him was released by the bankruptcy plan when Plaintiff failed to opt-out from its release. Def.'s Mot. to Dismiss 3-5. Defendant explains that, on May 9, 2025, the Debtors gave notice that the bankruptcy plan was effective. *Id.* at 2. According to Defendant, under the bankruptcy plan, all claims against the Debtors are discharged and holders of such claims cannot continue any proceedings connected with such claims. *Id.* Defendant also argues that, under the bankruptcy plan, if a claimant like Plaintiff fails to opt out of being released within the bankruptcy plan, any claims he or she may hold against current or former employees of Wellpath are released, with the claimant being enjoined from pursuing them. *Id.* at 3-4. Defendant argues this part of the bankruptcy plan applies to Plaintiff and Defendant because Plaintiff failed to opt out. *Id.* at 5. As Defendant points out in his reply, Plaintiff fails to dispute in his response that he failed to opt out, focusing only on his toe and the conditions at ASP.

Pl.'s Resp., ECF No. 25; Def.'s Reply 1, ECF No. 26. Based on the following, the Court agrees with Defendant.

Article IX.D of the bankruptcy plan provides the following:

> [E]ach of the Releasing Parties shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever, released and discharged each Released Party from any and all claims[] . . . based on or relating to, or in any manner arising from . . . the business operation of the Debtors, . . . the assertion or enforcement of rights or remedies against the Debtors . . . or any other act or omission . . . or other occurrence taking place on or before the Effective Date.

Plan 132. Relatedly, Article IX.F of the Plan provides the following:

> [A]ll Entities who . . . hold claims or interests that have been released, . . . are permanently enjoined, from and after the Effective Date, . . . commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such claims or interests released or settled pursuant to the Plan; [but this] shall not apply to parties that timely opt out[.]

*Id.* at 134. The bankruptcy plan defines a "Releasing Part[y]" as a claim holder "that is or was an incarcerated individual that does not affirmatively elect to opt out of being a Releasing Party[.]" *Id.* at 82. The Plan defines "Released Parties" as "each Debtor [and its] Related Parties . . . other than any such Related Party that elects to opt out of the Releases in the Plan[.]" *Id.* As for the term "Related Party[, it] means to the fullest extent permitted by law, with respect to any Entity, such Entity's . . . employees, agents, [and] administrators and executors, and other professionals, in each case acting in such capacity whether current or former[.]" *Id.* at 81.

Based on the bankruptcy plan's language, and Defendant's status as a Wellpath employee in 2018, the Court finds the bankruptcy plan's release applies to Plaintiff's claim. Plaintiff is a "Releasing Party" and Defendant is a "Released Party"

under the terms of the Bankruptcy Plan. *Id.* at 81-82. Plaintiff claims Defendant was deliberately indifferent to his medical needs in 2018. Recast Compl. 5. Thus, the period relevant to his claim was well before the day Wellpath filed for bankruptcy. Further, any holder of a claim "that is or was an incarcerated individual ha[d] until **11:59 p.m. (prevailing Central Time) on July 30, 2025** . . . to opt out from the [releases] set forth in Article IX.D of the Plan[.]" Opt Out Extension, *In re Wellpath*, ECF No. 2683 (Bankr. S.D. Tex. May 9, 2025) (emphasis in original).

Because Plaintiff failed to timely opt out, his claim against Defendant is enjoined and Defendant's motion to dismiss should be granted. Such a dismissal is consistent with similar cases in the United States District Court for the Southern District of Georgia and across the United States. *See Butler v. Glenn*, No. 4:23-cv-63, 2026 WL 710999, at *2 (S.D. Ga. Mar. 13, 2026) (where claim fell within bankruptcy plan's release, and plaintiff failed to timely opt out, his claim against Wellpath employee was enjoined and dismissed); *see also Boyd v. Adams*, CV 624-50, 2026 WL 165482, at *7 (S.D. Ga. Jan. 21, 2026) ("because the [release] applies to Plaintiff's claims against [Wellpath employee], and Plaintiff did not opt[ ]out . . . , his claims against [the employee we]re subject to the release and . . . dismissed"); *see also Washington v. Al Cannon Det. Ctr.*, 4:24-cv-3791, 2025 WL 3484900, at *2-3 (D.S.C. Dec. 3, 2025) (dismissing Wellpath nurse since plaintiff did not opt out); *see also Sutton v. Kelly*, CV 24-171-M-DLC, 2025 WL 2463824, at *1-2 (D. Mont. Aug. 27, 2025) (dismissing case against Wellpath nurse defendants because plaintiff "did not timely opt out"); *see also Parker v. Gugino*, No. 1:23-cv-1874-TWP-CSW, 2025 WL

3264103, at *2 (S.D. Ind. Nov. 21, 2025) (dismissing Wellpath employee "[b]ecause the record from the Bankruptcy Court confirms that claims against Wellpath and its employees . . . that occurred before the bankruptcy petition had been discharged").

Of note, Defendant should be dismissed in *both* his individual and official capacity because plaintiffs like the one here are allowed to proceed against a released part in their individually capacity when they *have* opted out, not when they fail to do so. *See Thomas v. McFadden*, 810 F. Supp. 3d 732, 742 (W.D.N.C. 2025) (individual capacity claims allowed to proceed when plaintiff timely opted out); *see also Caldwell v. Bowers*, No. 6:24-CV-6051-SOH-MEF, 2025 WL 2942004, at *3 (W.D. Ark. Sept. 16, 2025) (citations omitted) (same), *recommendation adopted by* 2025 WL 2940774 (W.D. Ark. Oct. 16, 2025).

## CONCLUSION

For the reasons stated above, it is **RECOMMENDED** that Defendant's motion to dismiss (ECF No. 21) and motion for ruling (ECF No. 29) be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within **FOURTEEN (14) DAYS** after being served with a copy hereof. Any objection should be no longer than **TWENTY (20) PAGES** in length. The district judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations

contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 21st day of July, 2026.

s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE